

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

MARKEL AMERICAN INSURANCE
COMPANY,

       Plaintiff,

vs.

       CASE NO. 05-CV-10070-MOORE

       Magistrate Judge Garber

ROBERT STOKY, RUTH STOKY,
SCOTT STOKY and MARLENA AVERY,

       Defendants.
_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

GOLDMAN & HELLMAN
Attorneys for Plaintiff
315 S.E. 7th Street
Suite 200
Fort Lauderdale, Florida 33301
(954) 356-0460

1

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

LEGAL ARGUMENT

    POINT I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        SUMMARY JUDGMENT IS PROPER HERE
        SINCE NO MATERIAL FACTS REMAIN IN
        DISPUTE

    POINT II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        PLAINTIFF'S P&I POLICY EXCLUDES ANY
        COVERAGE FOR LOSS OR DAMAGE CAUSED
        BY SCOTT STOKY'S ILLLEGAL ACTS

    POINT III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        THE PROVISION IN PLAINTIFF'S POLICY IS
        CLEAR AND UNAMBIGUOUS, AND DEMON-
        STRATES THAT SUMMARY JUDGMENT
        SHOULD BE AWARDED TO THE PLAINTIFF

    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        FOR THE REASONS SET FORTH, THE POLICY
        OF MARINE INSURANCE AFFORDS NO COVERAGE
        FOR AVERY'S CLAIM, AND THE PLAINTIFF IS
        ENTITLED TO SUMMARY JUDGMENT

## TABLE OF AUTHORITIES

### CASES

*Albany Insurance Co. v. Jones*
  1997 A.M.C. 1407 (D. Alaska 1996) ................................. 9

*Allen v. Tyson Foods, Inc.*
  121 F.3d 642 (11th Cir. 1997) ..................................... 7

*Anderson v. Liberty Lobby, Inc.*
  477 U.S. 242 (1986) ............................................. 6

*Celotex Corp. v. Catrett,*
  477 U.S. 317 (1986) ............................................. 6

*Continental Casualty v. Wendt*
  205 F.3d 1258 (11th Cir. 2000) ................................. 9, 10

*Hrynkiw v. Allstate Floridian Insurance Co.*
  844 So.2d 739 (Fla. 5th DCA 2003) ............................. 8, 9

*The Home Insurance Company v. Vernon Holdings*
  1995 A.M.C. 369 (S.D. Fla. 1994) ................................. 6

*Littlefield v. Acadia Insurance Co.*
  392 F.3d 1, (1st Cir. 2004) ...................................... 8

*Port Lynch, Inc. v. New England Int'l Assur. Of America*
  754 F.Supp. 816 (W.D. Wash. 1991) ................................. 6

*Siegle v. Progressive Consumers Insurance Co.*
  788 So.2d 355 (Fla. 4th DCA 2001) ............................. 9, 10

*Sphinx Int'l, Inc. v. National Union Fire Insurance Co.*
  226 F.Supp.2d 1326 (M.D. Fla. 2002) ............................. 9, 10

*State Farm Fire & Casualty Co. v. CTC Development Corp.*
  720 So.2d 1072 (Fla. 1998) ....................................... 9

*Talat Enterprises, Inc. v. Aetna Life & Cas. Co.*
  952 F.Supp. 773 (M.D. Fla. 1996) ................................. 6

*Walker v. State Farm Fire & Casualty Co.*
  758 So.2d 1161 (Fla. 4th DCA 2000) ............................... 9

## STATEMENT OF THE CASE

Although the facts which demonstrate that Plaintiff is entitled to summary judgment are recounted in greater detail in the Statement of Material Facts not in Dispute, this is actually quite a simple case. The Defendants Robert Stoky and Ruth Stoky were the owners of a boat which was insured under a policy of marine insurance issued to them by the Plaintiff Markel American Insurance Company. The said policy of marine insurance provided marine P&I coverage for Mr. and Mrs. Stoky, as well as for a permissive user, in the sum of $1,000,000.00.

On July 18, 2004, Mr. and Mrs. Stoky's 35 year old son, Scott Stoky, was operating the insured vessel with the permission of his parents. Also in the vessel with Scott Stoky, as a passenger, was Marlena Avery. Legally intoxicated as a result of his consumption of alcoholic, Scott Avery lost control of the vessel and in the subsequent accident caused serious personal injuries to be suffered by Ms. Avery.

Claim has been made against all three (3) Stoky Defendants by legal counsel representing Ms. Avery, and pursuant to a Reservation of Rights, Plaintiff Markel has appointed defense counsel to represent Robert Stoky, Ruth Stoky and Scott Stoky.

Markel is contesting the coverage afforded to the Stoky Defendants under its policy of marine P&I coverage on the basis of language which excludes coverage where the loss is caused by an "illegal act" of any insured person or any person operating the insured vessel with the permission of the named insured.

As illustrated in the Plaintiff's Statement of Material Facts Not in Dispute, the incident in which Ms. Avery claims to have been injured was caused by the "illegal act"

of Scott Stoky, thereby excluding coverage under Markel's policy of marine P&I insurance

As also illustrated in Plaintiff's Statement of Material Facts Not in Dispute, the Stoky Defendants are not contesting Plaintiff's claim that the policy excludes from coverage any restitution that Scott Stoky either has or may become liable to pay to Marlena Avery as a result of the latter's injuries suffered due to Mr. Stokey's illegal acts.

## LEGAL ARGUMENT

### I.

### SUMMARY JUDGMENT IS PROPER HERE SINCE NO MATERIAL FACTS REMAIN INDISPUTE

Summary judgment is appropriate where there is no genuine issue or dispute remaining as to the material facts in a case. *See, Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In addition, the federal maritime law recognizes the particularly appropriate nature of summary judgment in resolving marine insurance coverage questions. *See, e.g., The Home Insurance Company v. Vernon Holdings*, 1995 A.M.C. 369 (S.D. Fla. 1994); *Port Lynch, Inc. v. New England Int'l Assur. Of America*, 754 F.Supp. 816 (W.D. Wash. 1991).

*See also, Talat Enterprises, Inc. v. Aetna Life & Cas. Co.*, 952 F.Supp. 773 (M.D. Fla. 1996) in which the court stated "[T]he interpretation of an insurance contract question is a question of law which may be determined on summary judgment." *Id.*, at 776.

An issue of law is said to be "material" if it is something that might affect the outcome of the suit under the governing law. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A material fact is understood to be "genuine" only "if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Id.,* at 261, n. 2.

In opposing the motion for summary judgment filed by the Plaintiff herein, it is incumbent upon the Defendants to submit competent evidence which would be sufficient to satisfy that exact same standard of proof that would be required of them at the trial which is scheduled for late August. *See, Anderson v. Liberty Lobby, Inc., id.* It is not

6

sufficient for the Plaintiffs herein to merely contend to this Court that some issues are unproven, or that unimportant differences or immaterial issues might arguably remain still unresolved. *Id.*

*See also, Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997).

As is clear from the Statement of Material Facts submitted in support of the Plaintiff's instant motion for summary judgment, there can be no dispute remaining with respect to the critical issue of what happened on July 18, 2004 and whether Scott Stoky's operation of the vessel insured by the Plaintiff constituted an "illegal act."

No factual dispute therefore remains for submission to a non-jury trial. Under the applicable caselaw, the Plaintiff is entitled to this Court's award of summary judgment.

II.

## PLAINTIFF'S P&I POLICY EXCLUDES COVERAGE FOR ANY LOSS OR DAMAGE CAUSED BY SCOTT STOKY'S ILLEGAL ACTS

The record before the Court establishes that the Defendant's policy of marine insurance cannot afford coverage for the claims presented asserted by Ms. Avery the Stoky Defendant.

Recent federal as well as Florida state caselaw illustrates quite clearly that this Court must accord the full legal effect of the policy language in order to exclude any coverage.

*See, Hrynkiw v. Allstate Floridian Insurance Co.*, 844 So.2d 739 (Fla. 5th DCA 2003), holding that long-standing and traditionally recognized public policy reasons undergird sustaining exclusions such as the one in Plaintiff's policy, so that such actions as Scott Stoky's will not be encouraged. The court held that a "criminal act" provision excluded coverage for any damages that could reasonably be expected to result form an insured's criminal act.

*See also, Littlefield v. Acadia Insurance Co.*, 392 F.3d 1, (1st Cir. 2004) where the federal appellate court affirmed the district court's holding in favor of an exclusion in a marine P&I policy referring to damage or liability caused by an insured's criminal acts.

Markel's policy states that coverage does not exist where a loss or damage is caused by the illegal act of the insured or a permissive user of the vessel. Such provisions are common, and comport with traditional views and goals of wise public policy. Summary judgment in favor of Markel is appropriate on this basis.

III.

THE PROVISION IN PLAINTIFF'S POLICY IS
CLEAR AND UNAMBIGUOUS, AND DEMONSTRATES THAT
SUMMARY JUDGMENT SHOULD BE AWARDED TO THE PLAINTIFF

It is a fundamental of insurance law in Florida, indeed in every court throughout the nation, that where the provisions of an insurance policy are clear and unambiguous, courts should not strain to superimpose unnatural or unreasonable constructions, but are must construe the terms to mean precisely what the language implies. *Walker v. State Farm Fire & Casualty Co.*, 758 So.2d 1161 (Fla. 4th DCA 2000).

It is an equally familiar principle adhered to in marine insurance litigation that the federal district court must give unambiguous term found in an insurance contract its plain and ordinary meaning. *Albany Insurance Co. v. Jones*, 1997 A.M.C. 1407 (D. Alaska 1996).

*See also, Continental Casualty v. Wendt*, 205 F.3d 1258 (11th Cir. 2000); *Sphinx Int'l, Inc. v. National Union Fire Insurance Co.*, 226 F.Supp.2d 1326 (M.D. Fla. 2002); *Siegle v. Progressive Consumers Insurance Co.*, 788 So.2d 355 (Fla. 4th DCA 2001).

A term in a policy of insurance should not be held to contain ambiguity simply because that term or provision requires the court to undertake to interpret it, *Continental Casualty Co. v. Wendt, supra*. The apposite caselaw also recognizes that a mere failure to provide a definition for a term involving coverage does not necessarily render that term ambiguous. *State Farm Fire & Casualty Co. v. CTC Development Corp.*, 720 So.2d 1072 (Fla. 1998).

9

When determining the meaning and scope of exclusionary provisions, courts are to utilize the common understanding of an ordinary person, *Hrynkiw v. Allstate Floridian Insurance Co., supra.*

Under Florida law, federal and state courts are to adopt the plain meaning of words contained in legal and non-legal dictionaries. *Continental Casualty v. Wendt, supra; Sphinx Int'l, Inc. v. National Union Fire Insurance Co., supra; Siegle v. Progressive Consumers Insurance Co., supra.*

Both Webster's New World Dictionary (4th ed. 2003) and The American Heritage Dictionary (4th ed. 2001) define "illegal" in exactly the same terms – something is illegal when it is "prohibited by law."

Scott Stoky's operation of the vessel insured by Markel's policy of marine insurance was "prohibited by law" as shown by the subsequent events which are listed in Plaintiff's Statement of Material Facts Not in Dispute.

Therefore, regardless of how this Court chooses to view the matter, it is beyond reasonable dispute that the claim or damages complained of by Marlena Avery were caused by Scott Stoky's illegal act. As such, any claim for loss or damage asserted by Ms. Avery must be excluded from the policy's coverage.

## CONCLUSION

## FOR THE REASONS SET FORTH, THE POLICY OF MARINE INSURANCE AFFORDS NO COVERAGE FOR AVERY'S CLAIM, AND THE PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT

GOLDMAN & HELLMAN
Attorneys for Plaintiff
315 S.E. 7th Street
Suite 200
Fort Lauderdale, Florida 33301
Tel (954) 356-0460
Fax (954) 832-0878

By: _____
STEVEN E. GOLDMAN
FLA. BAR NO. 345210

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via first class United States Mail on T. Patrick Ford, Esq., 9130 South Dadeland Boulevard, PH 1-C, Miami, Florida 33156, and Lay M. Levy, Esq., 9130 South Dadeland Boulevard, Suite 1510, Miami, Florida 33156 this ___10th___ day of April, 2006.

GOLDMAN & HELLMAN
Attorneys for Plaintiff
315 S.E. 7th Street
Suite 200
Fort Lauderdale, Florida 33301
Tel (954) 356-0460
Fax (954) 832-0878

By: _____
STEVEN E. GOLDMAN
FLA. BAR NO. 345210