UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.: 05-CV-10070/MOORE/GARBER

MARKEL AMERICAN INSURANCE
COMPANY,

        Plaintiff,

vs.

ROBERT STOKY, RUTH STOKY,
SCOTT STOKY, and MARLENA AVERY,

        Defendants.
_____/

## DEFENDANTS ADDENDUM TO MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF

COME NOW, the Defendants, ROBERT, RUTH and SCOTT STOKY, and file this Addendum to the Motion for Summary Judgment and in support thereof state as follows:

1. Defendants, Robert, Ruth and Scott Stoky filed a Motion for Summary Judgement with undisputed facts on April 12, 2006.

2. Plaintiff Markel American Insurance Company also filed a Motion for Summary Judgement on April 12, 2006 with stipulated facts.

3. Defendants, Robert, Ruth and Scott Stoky hereby adopt the stipulated facts attached to Plaintiff, Markel American Insurance Company's Motion for Summary Judgement and incorporate same into Defendant's Motion for Summary Judgement. A copy of the stipulated facts is attached hereto as Exhibit "A".

**FORD, DEAN & MALLARD, P.A.**
TWO DATRAN CENTER, PENTHOUSE I-C • 9130 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • TELEPHONE (305) 670-2000 • TOLL FREE (888) 372-2873

CASE NO.: 05-CV-10070/MOORE/GARBER

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail this 12th day of April 2006 to Steven E. Goldman, Esq., Goldman & Hellman, 315 SE 7th Street, Suite 200, Ft. Lauderdale, Florida 33301 and Jay Levy, Esq., 9130 South Dadeland Blvd., Suite 1510, Miami, FL 33156.

                              Respectfully submitted,

                              FORD, DEAN & MALLARD, P.A.
                              Attorneys for Defendant
                              Two Datran Center, PH 1-C
                              9130 South Dadeland Boulevard
                              Miami, Florida 33156
                              Tel: (305) 670-2000
                              Fax: (305) 670-1353

                              _____
                              T. PATRICK FORD
                              Florida Bar No.: 136984

**FORD, DEAN & MALLARD,** P.A.

TWO DATRAN CENTER, PENTHOUSE 1-C • 9130 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • TELEPHONE (305) 670-2000 • TOLL FREE (888) 372-2873

CASE NO.: 05-CV-10070/MOORE/GARBER

## SERVICE LIST

Steven E. Goldman, Esq.
Goldman & Hellman
Attorneys for Plaintiff
315 S.E. 7th Street, Suite 200
Ft. Lauderdale, FL 33301
(954) 356-0460
(954) 832-0878 Fax
(617) 566-4200 Boston
Counsel for Plaintiff, Markel American Insurance Company

Jay M. Levy, Esq.
9130 South Dadeland Blvd.
Suite 1510
Miami, FL 33156
(305) 670-8100
(305) 670-4827 Fax
Counsel for Defendant, Marlena Avery

T. Patrick Ford, Esq.
Ford, Dean & Mallard, P.A.
Two Datran Center, Penthouse 1-C
9130 South Dadeland Boulevard
Miami, Florida 33156
(305) 670-2000
(305) 670-1353 Fax
Counsel for Defendants, Robert and Ruth Stoky and Scott Stoky

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.: 05-CV-10070/MOORE/GARBER

MARKEL AMERICAN INSURANCE
COMPANY,

    Plaintiff,

vs.

ROBERT STOKY, RUTH STOKY,
SCOTT STOKY, and MARLENA AVERY,

    Defendants.
_____/

## *STIPULATED FACTS*

1. On or about June 14, 2004 Markel issued to the Stokys a marine insurance policy (#SB2003202) which provided indemnity coverage for Robert, Ruth and Scott Stoky. A copy of the Declarations page was attached to the Complaint as Exhibit A.

2. On July 18, 2004 the above-referenced policy was in full force and effect.

3. On July 18, 2004 Scott Stoky borrowed his parents' flats boat, which was insured by Markel's policy, around 11 a.m. to take his wife and friends out on the water.

4. Ruth and Robert Stoky gave permission for Scott Stoky to use the vessel on July 18, 2004.

5. Scott Stoky was 35 years of age and held a Captain's license from the United States Coast Guard which allowed him to take clients fishing for a fee.

6. During the 10 years prior to July 18, 2004, Scott Stoky had not had any driving or boating citations, arrests or convictions for being intoxicated while driving or

Exhibit A

boating.

7. After leaving Robert and Ruth Stoky's home in the boat, Scott Stoky drove to Sundowners Restaurant and picked up another friend. They then went to the "sandbar" for lunch where they all consumed alcoholic beverages (beer and champagne) with lunch.

8. The group left the "sandbar" around 5 p.m. and went to Hog Heaven restaurant and bar where they had drinks and appetizers.

9. They left Hog Heaven heading home when the weather deteriorated so they pulled into Snooks Restaurant were more drinks and food were consumed.

10. Upon leaving Snooks – Scott got into the boat as the driver and Marlena Avery got in next to him as a passenger. Scott Stoky's wife and their other friend took a cab home from Snooks.

11. After leaving Snooks, the driver, assumed but not admitted to be Scott Stoky for purposes of this motion only, lost control of the vessel which ran into the mangroves, injuring both occupants – Scott Stoky and Marlena Avery.

12. At the hospital both Scott Stoky and Marlena Avery had blood alcohol readings above the legal limit. Scott Stoky's blood alcohol level was .198.

13. Scott Stoky was charged with Boating Under the Influence with Injury and a plea of not guilty was entered.

14. On August 2, 2005, Scott Stoky pled nolo contendre to Boating under the Influence with Injury pursuant to a plea agreement with the State Attorney. There was an adjudication of guilt, he was placed on 12 months probation, assigned 100 hours of

public service and ordered to pay restitution to Marlena Avery in the amount of $23,161.13, plus costs.

15. Markel has declared that there is no coverage under its insurance policy for Robert Stoky, Ruth Stoky or Scott Stoky because Scott Stoky was legally intoxicated at the time of the accident.

16. The insurance policy in question has a provision as follows:

> III:  General Exclusions:
>
> 5. Dishonesty or illegal acts.
> We do not pay for loss or damages caused by the dishonest or <u>illegal act</u> of any insured person, any person to whom your insured property is entrusted, regardless of whether or not such person is convicted of such act by criminal court.