

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

MARKEL AMERICAN INSURANCE
COMPANY,

        *Plaintiff*

   v.                          CASE NO. 05-10070-CIV-MOORE

ROBERT STOKY, RUTH STOKY,     MAGISTRATE JUDGE GARBER
SCOTT STOKY and MARLENA
AVERY,

        *Defendants.*
_____/

REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

    COMES NOW the Plaintiff, MARKEL AMERICAN INSURANCE COMPANY, by and through its undersigned attorneys, and pursuant to Rule 56 of the Federal Rules of Civil Procedure files this its Reply memorandum of Law in support of summary judgment, and further thereto would respectfully state as follows:

    1.   A quick review of the material facts over which there can be no dispute, followed by review of the apposite case authorities, should demonstrate that it is the Plaintiff marine insurance company that is entitled to this Court's award of summary judgment.

    2.   Markel American Insurance Company issued a policy affording marine P&I coverage in the amount of one million dollars ($1,000,000.00) to the named insureds, the Defendants Robert & Ruth



Stoky. That coverage also applied to any person using the insured vessel under Markel's policy with the permission of the said Defendants.

3. On July 18, 2004, Scott Stoky was operating the insured vessel with the permission of the named insureds, with Marlena Avery aboard as a passenger. Scott Stoky lost control of the vessel and his passenger was injured as a result of the accident that ensued. Ms. Avery has made claim against Robert Stoky, Ruth Stoky and Scott Stoky, contending that negligence on the part of the said Defendants is the cause of the personal injuries for which she seeks damages.

4. The Stokys have in turn made claim against Markel for defense and indemnity under the terms of the policy of marine P&I insurance which is the subject of the instant litigation.

5. Scott Stoky was charged with a criminal offense under Florida state law, and he was prosecuted for the criminal offense by the office of the Assistant State Attorney of the State of Florida. Scott Stoky entered into a plea agreement with the State Attorney's office, pursuant to which he was adjudicated "guilty" of a criminal offence and was placed on probation.

6. Plaintiff responded to the Stokys' demands for defense and indemnification against Avery's claim by issuing a reservation of rights, which was based on a provision in the policy of marine

insurance which excluded coverage for "loss or damage caused by the… illegal act of any insured person [or] any person to whom your insured property is entrusted… regardless of whether or not such person is convicted of such act by criminal court." The instant action was commenced by Plaintiff's filing of a Complaint for Declaratory Judgment asking the Court to rule that coverage for Ms. Avery's claim was excluded by the referenced provision in the policy of marine insurance.

7. Reduced to its essence, the Defendants' summary judgment motion is asking this Court to reject enforcement of the policy exclusion for three (3) essential reasons. Defendants are contending that the provision is ambiguous; that the provision should not be enforced because to do so would render coverage "illusory"; and that the exclusion provision is unenforceable as being contrary to public policy.

8. Analysis of the apposite authorities already cited in Plaintiff's summary judgment motion demonstrates that none of these positions should prevent this Court from enforcing the exclusion and from awarding summary judgment to Markel American Insurance Company.

9. In the seminal case of *Littlefield v. Acadia Insurance Company*, 392 F.3d 1 (1st Cir. 2004) both the federal district court and the federal appellate courts dealt with and easily disposed of

each of these arguments.

10. Defendants go to great lengths to paint for his Court lurid examples of other potential factual situations which might support their objection of ambiguity. It is always possible to think inventively of some situation utterly different from the one at issue which might create some ambiguity. However, in this case, where Scott Stoky was confronted with a specific criminal charge, to which he pleaded and for which he was adjudicated guilty, such objections by these Defendants should not prevent the Court from enforcing the exclusion. In a footnote in the *Littlefield* case, the First Circuit noted that "[w]e need not decide whether the exclusion provision would be ambiguous as applied to other facts, for example, where an insured cannot be convicted of a crime because of a lack of requisite criminal intent." *Id.*, fn. 9, at p. 8.

11. The federal courts in the *Littlefield* case also dealt with and easily disposed of the argument that enforcement of the exclusion would render the policy's coverage "illusory," once again stating that "[w]e need concern ourselves with factual scenarios not presented by this case." *Id.*, at 11. The insured in that case was convicted of a crime, and Scott Stoky was adjudicated guilty of a crime, and the Plaintiff's policy provision was manifestly intended to apply to precisely such a factual scenario.

12. The Defendants' public policy argument can similarly be disposed of by reference to the *Littlefield* case, as well as the recent Florida state case of *Hrynkiw v. Allstate Floridian Insurance Company*, 844 So. 2d 739 (Fla. 5th DCA 2003). In these apposite cases, federal and state courts rejected arguments by disgruntled insureds to the effect that exclusions for criminal acts should be held repugnant to public policy. The First Circuit noted with approval that the district court judge below had "rejected Littlefield's argument that the exclusion provision is unenforceable as contrary to public policy." *Littlefield, supra*, at 5. The Fifth Circuit Court of Appeals here in Florida stated the matter more fully:

> Lawyers and laymen alike generally understand that the public policy against insuring for losses resulting from intentional or criminal acts is usually justified by the assumption that such acts would be encouraged, or at least not dissuaded, if insurance were available to shift the financial burden of the loss from the wrongdoer to the insurer. The intentional or criminal act exclusion in the… policy is sustainable without further comment.

*Hrynkiw v. Allstate Floridian Insurance Company, supra*, at 742.

13. Manifestly, there is no viable public policy recognized in the State of Florida such that this Court would find any

justification for failing to enforce the clear and unambiguous provisions of Plaintiff's policy.

14. Rather than deal with the substance of the Plaintiff's policy provision and its applicability in the marine context which is the heart of this case, Defendants have cited the Court to other cases which invariably involve automobile and automobile policies. The inappositeness of such "authorities" must be readily apparent to his Court, as indeed one of the cases states explicitly that coverage is required and exclusions for illegal or criminal acts voided precisely because state statutes mandate certain coverage for certain circumstances, in order to protect the public and to ensure certain matters regarding "the public using the highways of the State." *Makris v. State Farm Mut. Auto Ins. Co.*, 267 So. 2d 105, at 108 (Fla. 3rd DCA 1972). No such considerations can be discerned in the context of marine insurance policies, and there are no cases from any other jurisdiction that would require the voiding of a provision in a marine policy which excludes coverage for an intentional or an illegal act.

15. In this case, Scott Stoky was charged with a crime, an "illegal act" as virtually every dictionary defines that term, and he was adjudicated guilty. The provision in the policy under scrutiny states in no uncertain terms that coverage is excluded for loss or damage caused by an insured person's "illegal act." It was

Scott Stoky's "illegal act" that is the cause of the injuries for which Marlena Avery seeks damages.

16. Finally, it bears emphasis that the Defendants are not contesting Plaintiff's denial of coverage for any the "restitution" that Scott Stoky was ordered to pay as part of his plea agreement in the underlying criminal proceedings.

Dated: April 20, 2006
Fort Lauderdale, Florida

GOLDMAN & HELLMAN
Attorneys for Plaintiff
315 S.E. 7th Street
Suite 200
Fort Lauderdale, Florida 33301
(954) 356-0460

STEVEN E. GOLDMAN, ESQ.
FLA. BAR NO. 345210

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via first class United states Mail upon Defendants' attorney, T. Patrick Ford, Esq., 9130 South Dadeland Boulevard, PH 1-C, Miami, FL 33156 and Jay Levy, Esq., 9130 South Dadeland Boulevard, Suite 1510, Miami, FL 33156 this 20th day of April 2006.

GOLDMAN & HELLMAN
Attorneys for Plaintiff
315 S.E. 7th Street
Suite 200
Fort Lauderdale, Florida 33301
(954) 356-0460

STEVEN E. GOLDMAN, ESQ.
FLA. BAR NO. 345210